UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LEEANNE POND )<br>(Social Security No. XXX-XX-8786), )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of the Social Security Administration, )<br>)<br>Defendant. ) | 3:10-cv-95-WGH-RLY |

## MEMORANDUM DECISION AND ORDER

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the Consents filed by the parties (Docket Nos. 9, 14) and an Order of Reference entered by Chief Judge Richard L. Young on October 15, 2010 (Docket No. 16).

### I. Statement of the Case

Plaintiff, Leeanne Pond, seeks judicial review of the final decision of the agency, which found her not disabled and, therefore, not entitled to Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). 42 U.S.C. §§ 416(i), 423(d); 20 C.F.R. § 404.1520(f). The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

Plaintiff applied for DIB on September 10, 2008, alleging disability since August 20, 2008. (R. 30-32). The agency denied Plaintiff's application both initially and on reconsideration. (R. 20-22, 25-28). Plaintiff appeared and

testified at a hearing before Administrative Law Judge Michael Scurry ("ALJ") on November 6, 2009. (R. 84-106). Plaintiff appeared pro se; also appearing but not testifying was a vocational expert. (R. 84). On December 1, 2009, the ALJ issued his opinion finding that Plaintiff was not disabled because she continued to engage in substantial gainful activity. (R. 10-14). The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. (R. 3-5). 20 C.F.R. §§ 404.955(a), 404.981. Plaintiff then filed a Complaint on June 21, 2010, seeking judicial review of the ALJ's decision.

## II. Standard of Review

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *see also Perkins v. Chater,* 107 F.3d 1290, 1296 (7th Cir. 1997). This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility. *Richardson,* 402 U.S. at 399-400. Accordingly, this court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner. *See Butera v. Apfel,* 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must still affirm the ALJ's decision denying benefits. *Schmidt v. Apfel,* 201 F.3d 970, 972 (7th Cir. 2000).

### III. Standard for Disability

In order to qualify for disability benefits under the Act, Plaintiff must establish that she suffers from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations set out a sequential five-step test the ALJ is to perform in order to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy. *Id.* The burden of proof is on Plaintiff during steps one through four, and only after Plaintiff has reached step five does the burden shift to the Commissioner. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000).

### IV. The ALJ's Decision

The ALJ concluded that Plaintiff was insured for DIB through June 30, 2012; however, Plaintiff had engaged in substantial gainful activity since August 1, 1994. (R. 12). The ALJ found that there had been no continuous twelve-month period in which Plaintiff had not engaged in substantial gainful activity.

-3-

(R. 14). The ALJ concluded by finding that Plaintiff was not under a disability. (R. 14).

### V. Issues

Plaintiff has essentially raised one issue. The issue is as follows:

**Whether the ALJ erred in finding that Plaintiff had engaged in substantial gainful activity.**

Plaintiff essentially argues that the ALJ erred by finding that she had engaged in substantial gainful activity. Plaintiff, appearing pro se, explained that she was "unable to find any definition of disability that states that an individual cannot make more than a predetermined salary to be considered for a disability claim." (Plaintiff's Brief at 1). However, as discussed above, the definition of disability found in 42 U.S.C. § 423(d)(1)(A) includes the inability to engage in substantial gainful activity. Thus, pursuant to the social security regulations, the very first question that is asked of an individual seeking social security disability benefits is: Are you presently employed? 20 C.F.R. § 404.1520.

Based on the need to determine what amounts to "substantial gainful activity," the Social Security Administration issued Social Security Ruling ("SSR") 83-33. That SSR provides a formula for how an individual's income is examined to determine if it qualifies as substantial gainful activity. The ALJ, in this case, thoroughly applied SSR 83-33 at pages 12-14 of the Record. Based on SSR 83-33 and the cost-of-living adjustments found at http://www.ssa.gov/OACT/COLA/sga.html, the ALJ correctly noted that Plaintiff's "countable income" could

not exceed $940 a month in 2008 or $980 in 2009. The ALJ correctly applied the standards set forth in SSR 83-33 concerning Plaintiff's countable income, including applying the "employer subsidies." Despite taking into account the employer subsidies, Plaintiff's countable income for the period of September to December 2008 was $3,192.42 per month, and for the period of January to October 2009, was $1,965.71 per month. The ALJ was correct that "[t]hese amounts are well above the applicable monthly SGA amounts of $940 for 2008 and $980 for 2009." (R. 13). The ALJ's decision is, therefore, supported by substantial evidence and must be affirmed.

## VI. Conclusion

The ALJ's decision is supported by substantial evidence. The ALJ reasonably concluded that Plaintiff had engaged in substantial gainful activity during the relevant time period. The final decision of the Commissioner is, therefore, **AFFIRMED.** The Magistrate Judge would add that Plaintiff has worked hard through painful conditions while others might not have. She is to be commended for this.

**SO ORDERED.**

**Dated:** June 28, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copy to:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

**Mail copy to:**

LEEANNE POND
4804 Stringtown Rd.
Evansville, IN  47711